UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO.: 8:13-cv-02433-MSS-TBM

TED VANZYL,

    Plaintiff,

v.

ANDREU, PALMA, & ANDREU, PL,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant ANDREU, PALMA, & ANDREU, PL ("Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, and hereby files this, Defendant's Motion for Summary Judgment, and states the following in support thereof:

**I.     Undisputed Facts.**

This action involves allegations by Plaintiff that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"). *See,* Plaintiff's Complaint [DE 1] at p. 1. Specifically, Plaintiff has alleged that "[b]y the Defendant calling the Plaintiff's phone without express consent and in direct violation of Plaintiff's instructions, thereby Defendant violated the TCPA. 27 U.S.C. 227 [sic]". *Ibid.* at ¶ 14[1]. As the factual support for this alleged violation, Plaintiff has averred that on September 11, 2013, Plaintiff specifically told Defendant that all future communications must be done in writing, and that "[a]round, or before September 11, 2013 the Defendant continued to call the Plaintiff…" *Ibid.* at ¶¶ 10 - 11.

Defendant is a law firm. *See,* Declaration of Juan Andreu (attached hereto as "Exhibit A") at ¶ 2. On January 19, 2011, a Discover Bank account belonging to the Plaintiff (hereinafter

---

[1] As stated above, the TCPA is codified at 47 U.S.C. § 227, *et. seq.*

the "Account") was referred to Defendant for collection. *Ibid.* at ¶ 4. Thereafter, the Account was set up in Defendant computer system, which is subsequently programmed in a manner to determine when and how telephone calls will be placed to the respective debtor. *Ibid.* at ¶ 5. After the Account was entered into Defendant's computer system, a "scrub" was then performed to determine whether the telephone number associated with the Account was listed as a cellular phone number. *Ibid.* at ¶ 6. The results of the scrub indicated that the telephone number associated with the Account was, in fact, a cell phone number. *Ibid.* It is Defendant's policy that cell phone numbers are not called using Defendant's computer-assisted dialer. *Ibid.* Instead, those calls are manually dialed and completed using Defendant's voice over internet protocol (or "VoIP") system, which has no connection to Defendant's computer-assisted dialer. *Ibid.* Defendant's VoIP system is a standard manual dial phone system and does not have automated dialing capabilities. *Ibid.* at ¶ 8. Defendant's VoIP system does not have any form of "point and click" dialing. *Ibid.* In other words, each telephone call placed using Defendant's VoIP system must be placed manually by a person physically pressing each individual number which makes up a given telephone number. *Ibid.* Additionally, Defendant's VoIP system does not have the capability to make telephone calls using an artificial or pre-recorded voice. *Ibid.* at ¶ 9.

In light of the fact that Defendant identified the telephone number associated with the account as a cellular phone number, the number was never dialed by Defendant's computer-assisted dialer. *Ibid.* at ¶ 7. Rather, in keeping with Defendant's policy, every call made on the Account by Defendant was made through Defendant's VoIP system as described above. *Ibid.*

Through the instant motion, Defendant respectfully requests an Order from this Honorable Court granting Defendant summary judgment as the uncontroverted evidence

demonstrates that Plaintiff is entitled to no relief from Defendant pursuant to the TCPA as a matter of law.

**II.      Legal Standard.**

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party bears the burden of meeting this exacting standard. *See, Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See, Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods*, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party, however, bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in their favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e).* "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Further, conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion. *See, Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of

the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See, Celotex,* 477 U.S. at 322; *See also, Mayfield v. Patterson Pump Co.,* 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment).

### III.     Legal Argument

#### a. The uncontroverted evidence demonstrates that Plaintiff's claim is without merit.

Plaintiff has alleged that Defendant violated the TCPA by "calling the Plaintiff's phone without consent" after being told by Plaintiff that all future communications must be done in writing. *See,* DE 1 at ¶¶ 14 - 15. As the uncontroverted evidence demonstrates that Defendant did not engage in any conduct proscribed by the TCPA, Plaintiff's claim must fail as a matter of law.

As an initial matter, it should be noted that Plaintiff has failed to identify the specific section(s) of the TCPA which he alleges was violated by Defendant. Rather, Plaintiff merely alleges that Defendant "violated the TCPA. 27 U.S.C. 227 [sic]." *Ibid.* at 14 - 15. Plaintiff does, however, reference the statutory language of 47 U.S.C. § 227(b)(1)(A)(iii) prior to his factual allegations. *Ibid.* at ¶ 8. Accordingly, the only reasonable inference to be made is that Plaintiff is claiming that Defendant violated section 227(b)(1)(A)(iii) of the TCPA through the placement of telephone calls to Plaintiff's cellphone.

Section 227(b)(1)(A)(iii) of the TCPA provides, in relevant part, that:

> "[i]t shall be unlawful for any person within the United States… to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice-- to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

The TCPA defines "automated telephone dialing system" (or "ATDS") as "equipment which has the capacity-- to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." Accordingly, Plaintiff's claim rests upon a contention that Defendant used an ATDS or an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone[2] without Plaintiff's prior express consent.

Attached to the instant Motion for Summary Judgment is the sworn declaration of Attorney Andreu, which establishes that the calls at issue were dialed manually by the telephone that is not connected to an ATDS. *See,* Exhibit A at ¶¶ 7 - 8.[3] The declaration also establishes that no artificial or prerecorded voice was used by Defendant. *Ibid.* at ¶ 9. There exists no evidence capable of disputing these established facts. As such, Plaintiff's claim against Defendant must fail as a matter of law. *See, e.g., Cunningham v. Credit Mgt., L.P.*, 3:09-CV-1497-GB(BF), 2010 WL 3791104 (N.D. Tex. 2010) *report and recommendation adopted,* 3:09-CV-1497-G(BF), 2010 WL 3791049 (N.D. Tex. 2010)(holding that TCPA claims should fail where Plaintiff failed to show that he received calls from an ATDS); *Simington v. Zwicker & Associates, P.C.*, CIV-11-1391-M, 2012 WL 5873310 (W.D. Okla. 2012) *judgment entered,* CIV-11-1391-M, 2012 WL 5873309 (W.D. Okla. 2012)(holding that the defendant was entitled to judgment as a matter of law where plaintiff did "not provide evidence that would materially dispute the fact that defendant did not use an automated telephone dialing system or an artificial or prerecorded voice to make calls to plaintiff's cellular phone").

---

[2] It is worth noting that Plaintiff has failed to even allege that Defendant placed calls to Plaintiff's *cellular* telephone. As such, the Complaint does not appear to state a cause of action under the TCPA. Nonetheless, for the purposes of the instant Motion, Defendant assumes that Plaintiff is contending that the calls at issue were placed to his cellular telephone.

[3] On October 18, 2013, defense counsel voluntarily provided Plaintiff's counsel a copy of the Mr. Andreu's declaration and requested the case be dismissed.

As the uncontroverted evidence demonstrates that Defendant did not engage in any conduct proscribed by the TCPA, Plaintiff's claim must fail as a matter of law.

WHEREFORE Defendant respectfully requests an Order from this Honorable Court GRANTING Defendant's Motion for Summary Judgment as a matter of law and dismissing this case with prejudice.

<div style="margin-left: 50%">

Respectfully submitted by:

/s/ Dale T. Golden
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
Benjamin W. Raslavich, Esquire
FBN:  0102808
201 North Armenia Avenue
Tampa, FL  33609
Phone:  813-251-5500
Fax:  813-251-3675
Email: dgolden@gsgfirm.com
Email: braslavich@gsgfirm.com
Attorneys for Defendant

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<div style="margin-left: 50%">

/s/ Dale T. Golden
Dale T. Golden, Esquire

</div>