**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TED VANZYL,**

**Plaintiff,**

**v.**                                                    **Case No: 8:13-cv-2433-T-35TBM**

**ANDREU, PALMA & ANDREU, PL,**

**Defendant.**

_____/

<u>**ORDER**</u>

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion for

Summary Judgment (Dkt. 8) and Plaintiff's Amended Motion to Stay Summary Judgment

(Dkt. 15).  Upon consideration of all relevant filings, case law, and being otherwise fully

advised, the Court **DENIES as premature** Defendant's Motion for Summary Judgment

(Dkt. 8) and **GRANTS** Plaintiff's Motion to Stay Summary Judgment (Dkt. 13).


On September 19, 2013, Plaintiff brought this action against Defendant Andreu,

Palma & Andreu, PL. for violations of the Telephone Consumer Protection Act ("TCPA").

(Dkt. 1)  On October 11, 2013, Defendant filed an Answer and affirmative defenses to

Plaintiff's Complaint.  (Dkt. 5)  Thereafter, on November 27, 2013, Defendant filed a

Summary Judgment Motion.  (Dkt. 8)  Subsequently, on January 23, 2014, Plaintiff filed

a Motion to Stay Summary Judgment, arguing that Defendant's motion is premature and

that he should be permitted to conduct discovery to explore the representations made by.

(Dkt. 13)  According to Plaintiff, the case involves a number of factually disputed issues

that cannot be resolved in advance of a reasonable period of discovery as contemplated by the Federal Rules of Procedure.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)).  Rule 56 states that:

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)(B).  Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Blumel v. Mylander, 919 F. Supp. 423, 428 (M.D. Fla. 1996).

As Plaintiff represents in his Amended Motion to Stay Summary Judgment, he has not engaged in discovery to present a reasonable opportunity to oppose Defendant's Motion for Summary Judgment with the requisite deposition testimony, exhibits, or affidavits.  As such, Defendant's Motion for Summary Judgment is premature.

Upon consideration of the foregoing, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 8) is **DENIED without prejudice** and Plaintiff's

Amended Motion to Stay Summary Judgment (Dkt. 15) is **GRANTED** to the extent that summary judgment motions shall be filed only after a reasonable time for relevant discovery.

  **DONE and ORDERED** in Tampa, Florida this 28th day of January, 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party